*225 OPINION of the Court, by
Judge Clark.
Bess, *o a flecha-.".twy containing four counts, in an action of debt, brought by Shepherd against him, pleaded ml debit. There was a verdict and judgment on the third count, for one hundred anti ten dollars; to reverse which, Bess prosecutes this writ of error., The count is in substance, that the defendant wat indebted to the pGintiff in the sura of one hundred and forty dollars, íor a certain bay gelding, the property of the plaintiff, í'd eighty dollars, oart price of a sorrel stud horse cal- *226 fed Atlas, the property of Ezekiel Williams ; w'KicB? bay gelding and eighty dollars in the stud horse, was won by the defendant of the plaintiff, and converted tó~ his USt?. -
ifsue joined u to fe. vmi counts, if the jury find sf one count, »be verdict is
»ot lie for fro-periy won at gaining ^contra» tute ¾ the pro-petty ittcif is to so íe^híMfe’u' not its value, as ’s» detinue.
Where there are several counts in a declaration, one j- wbich ;8 faul'tv, and entire damages are given, the ver» diet is good, cut where the fending is distinctly, and upon a bad count, though there be good ones in the declaration, th» court cannot give judgment thereon, but must award a venire facias de novo. The count upon which the verdict m this cause was given, if considered common law, is clearlv bad ; it is not founded upon an express promise, nor is tne consideration such as that therefrom the law will imply one.
If considered as founded on the statute against ga-aiing, it is equally defective. That statute authorises money or property to be recovered back (where it has" ’¡geen paij or delivered) under certain cireumstanees Ae amount in the whole is to exceed forty shillings, and to have been lost in the space of twenty-four hours, ls a Vfc^ settled rule, that every thing that is of the essence ©f the action, must'he contained in the plaintiff’s declaration. The statute only authorising a recovery in particular cases, it was incumbent on the plaintiff to shew, that his cause came within its provisions. It has been determined by this court, in the cases of M'Coun vs. Hansford, and Bliss vs. Townsand, that the expressions used in the statute, “ without setting forth the special matter,” did not justify the dispensing with those material allegations, essential to shew that under the act the plaintifffhad a right of action. There being a total absence ofevery averment necessary to shew the plaintiff’s right to an action under the statute, it is conceived the count was too defective to authorise a judgment in favor of the plaintiff.
But if we are mistaken as to the insufficiency of this count, yet the finding of the jury is too defective to entitle the plaintiff to a judgment. The plea went to the whole declaration, and the finding of the jury is, that “ the defendant doth owe unto the plaintiff, the sum of one hundred and ten dollars, besides costs, in manner and form as the plaintiff in his third count in his declaration hath alleged.” This is evidently but a finding »*' to- part ©£ ⅝⅛⅜| was » issue. It was tlteir duty t# *227 &ave foRnd as to all that was in issue, and if they found specially for the plaintiff only as to one count in the declaration, there ought to have been not only a finding for the defendant on the other counts, but for the balance of the S 140. Such ought to have been the finding of the jury, if the plaintiff had a right to recover money, instead of the property charged to have been won by the defendant.
The act authorises a recovery of the money or goods lost and paid or delivered, by action of debt. We do not conceive it to have been intended by the legislature, nor does the language of the act authorise a change in the thing to be recovered from what was lost. Though the • act authorises debt where property has been lost and delivered, it ought co be considered in its operation as de-tinue. The words clearly imply, where money has been paid, money is to be recovered, and where goods have been delivered, the .recovery is to be in specie. We therefore think the finding of the jury ought to have been as in the action of detinue, and the judgment of the court for the property won if to be had, and if not then its value.
Therefore it is considered by the court; that the judgment of the said circuit court be reversed, the verdict of the jury set aside, and that the cause be remanded to the court from whence it came for new proceedings to be had therein, to commence from the r.er •turn of the original writ, &c.